**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Jasmine Crawford, a minor by her Guardian ad Litem, Sharon D. Crawford, | ) | Civil Action No.: 1:06-486-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| James T. Cohen, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| and Onnie Lee Williams, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Freightliner of Savannah, Inc., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| | ) | |

Pending before the Court is the Defendant/Third-Party Plaintiffs' motion to remand which was filed on March 1, 2006. The motion seeks an Order from this Court remanding this case to the South Carolina Court of Common Pleas for the County of Allendale. The Defendant/Third-Party Plaintiffs assert the following grounds in support of remand: (1) the Notice of Removal filed by the Third-Party Defendant is untimely under 28 U.S.C. § 1446; and (2) removal was improper pursuant to 28 U.S.C. § 1441(a) and (b).

The Third-Party Defendant, who as aforementioned filed the Notice of Removal, filed a response to the motion to remand on March 8, 2006, in which the Third-Party Defendant concedes the remand of this matter to State court is appropriate. Likewise, on March 18, 2006, the plaintiff filed a

motion supporting the motion to remand.  Considering such, the  motion to remand is **GRANTED**.

The Defendant/Third-Party Plaintiffs' motion to remand also requests attorney's fees and costs be awarded,  pursuant to 28 U.S.C. § 1447(c), as a result of the improper removal.  The Court notes that 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "Pursuant to the plain language of Section 1447(c), such an award is within the discretion of the court."  Georgetown Condominiums Homeowners' Ass'n v. Community Apartments Corp. of Forsyth County #3, 387 F.Supp.2d 512, 515 (M.D.N.C. 2005) (citing Parker v. Johnny Tart Enters., Inc., 104 F.Supp.2d 581, 585 (M.D.N.C.1999)).

While the Third-Party Defendant in the case at bar concedes in the response to the motion to remand that the Notice of Removal was improper, this court finds that awarding attorney's fees and costs is not warranted under the circumstances presented in this case.  Therefore, this court will exercise its sound discretion in this matter and **DENY** the Defendant/Third-Party Plaintiffs' request for attorney's fees and costs.

Accordingly, the action is **REMANDED** to the Court of Common Pleas, Allendale County, South Carolina.  A certified copy of this Order of remand shall be mailed by the Clerk of this court to the Clerk of the Court of Common Pleas, Allendale County, Fourteenth Judicial Circuit of South Carolina.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

April 7, 2006
Florence, South Carolina

2